# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| Richard Edmond Lamb, | ) | |
| | ) | Case No. _____ |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Equifax Information Services, LLC, | ) | |
| | ) | |
| Serve Registered Agent at: | ) | |
| Corporation Service Company | ) | |
| 2900 S.W. Wanamaker Dr., Suite 204 | ) | |
| Topeka, KS 66614 | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Richard Edmond Lamb, by and through his attorneys at The Law Offices of Tracy L. Robinson, LC, who, pursuant to 15 U.S.C. § 1681, *et seq*., in his Complaint for Damages state and allege to the Court as follows:

## INTRODUCTION

This is an action for damages brought by individual consumer Richard Edmond Lamb against Equifax Information Services, LLC for violations of the Fair Credit Reporting Act (hereafter "FCRA"), 15 U.S.C. §§1681, *et seq*, as amended.

## JURISDICTION AND VENUE

1.      Jurisdiction over this proceeding arises from 15 U.S.C. § 1681 and generally under 28 U.S.C. § 1331.

2.      Venue in this Court is proper in that Defendant transacts business in the state of Kansas and Kansas is where the injuries occurred.

1

## PARTIES AND SERVICE

3.      Richard Edmond Lamb (hereafter "**Plaintiff**"), is a natural person who, at all times relevant, resides in the State of Kansas.

4.      Defendant Equifax Information Services, LLC, hereafter ("**Defendant**"), is a business entity that regularly conducts business in Kansas, and may be served through its Registered Agent, Corporation Service Company, at 2900 S.W. Wanamaker Dr., Suite 204, Topeka, KS 66614.

## FACTUAL ALLEGATIONS COMMON TO  ALL COUNTS

5.      On April 21, 2011, Plaintiff filed a Chapter 13 Bankruptcy in the District of Kansas, Case No. 11-21152-rdb.

6.      The Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors & Deadlines was entered on April 21, 2011, showing Bank of America, N.A. was sent notice of Plaintiff's bankruptcy.

7.      The BNC Certificate of Mailing of the Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors & Deadlines is attached as Exhibit A.

8.      Plaintiff had a first mortgage with Bank of America, N.A. to be paid through Plaintiff's Chapter 13 Plan.

9.      The debt owed to Bank of America, N.A. was excepted from discharge.

10.      The pertinent pages of Plaintiff's Chapter 13 Plan are attached as Exhibit B.

11.      Bank of America, N.A. transferred the mortgage debt to Green Tree Servicing, LLC on June 17, 2013.

12.      Transfer of Claim is attached as Exhibit C.

2

13.     Green Tree Servicing changed its name to Ditech Financial, LLC on August 31, 2015.

14.     Plaintiff received his discharge on August 19, 2016.

15.     The Notice of Discharge of Debtor After Completion of Chapter 13 Plan was entered on August 21, 2016, showing Ditech Financial, LLC was sent notice of Plaintiff's discharge.

16.     The BNC Certificate of Mailing of the Notice of Discharge of Debtor After Completion of Chapter 13 Plan is attached as Exhibit D.

17.     On or about October 11, 2016, Plaintiff requested and reviewed his credit reports from Defendant, Experian and Trans Union.

18.     Plaintiff became aware that Ditech Financial, LLC was misreporting information on each of his credit reports.

19.     Ditech Financial, LLC was reporting incorrectly that the mortgage debt was discharged with a $0 balance and no current payment history.

20.     However, Plaintiff excepted the debt owed to Ditech Financial, LLC from his Chapter 13 discharge.

21.     On or about November 3, 2016, Plaintiff sent letters with his bankruptcy information to Defendant, Experian and Trans Union disputing Ditech Financial LLC's incorrect reporting in accordance with 15 U.S.C. § 1681i.

22.     While Experian and Trans Union properly sent Consumer Dispute Verifications to Ditech Financial LLC as required by 15 U.S.C. § 1681i, and Plaintiff's Experian and Trans Union credit reports were corrected; Defendant failed to send a Consumer Dispute Verification to Ditech Financial LLC as required by 15 U.S.C. § 1681i, and the incorrect reporting remains.

3

23.     The incorrect Equifax credit report is attached as Exhibit E.

24.     Defendants' failure to conduct a reasonable reinvestigation and notify Ditech Financial LLC of Plaintiff's dispute was a substantial factor causing Plaintiff reduced credit scores, emotional distress, frustration, missed time from work in order to tend to this matter, inconvenience and the hindrance to his fresh start entitled under the Bankruptcy Code.

25.     The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

## COUNT I
## EQUIFAX
## VIOLATIONS OF THE FCRA

26.     Plaintiff repeats, realleges, and incorporates by reference each and every prior paragraph in this Complaint.

27.      Plaintiff is a "consumer" within the meaning of the Fair Credit Reporting Act (hereafter "**FCRA**"), 15 U.S.C. 1681, *et seq*.

28.     Defendant is a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f).

29.     The above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

30.     Pursuant to 15 U.S.C. §1681n and §1681o, Defendant is liable to Plaintiff for engaging in the following conduct:

   a.   Willfully and negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the disputes from Plaintiff in violation of 15 U.S.C. §1681i(a);

b.   Willfully and negligently failing to review and consider all relevant information submitted by Plaintiff concerning the disputes of the inaccurate information, in violation of 15 U.S.C. §1681i(a);

c.   Willfully and negligently failing to timely and properly investigate the inaccurate information after receiving notice of the disputes from Plaintiff;

d.   Willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b); and

e.   Willfully and negligently continuing to report the inaccurate information despite having knowledge of its inaccuracy and/or inability to be verified.

31.   Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in bringing about the actual damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with attorney's fees and costs of litigation.

WHEREFORE, Plaintiff prays judgment in his favor for damages as provided by the FCRA in such amount as fair and reasonable, for his actual damages incurred, for the imposition of punitive damages against Defendant in such sum as will deter Equifax Information Services, LLC and others in the future from similar conduct and for such other relief the Court deems just and reasonable.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Richard Edmond Lamb respectfully requests this Court award the following:

a.   Actual Damages;

b.      Statutory Damages for each violation of the FCRA;

c.      Punitive Damages;

d.      Costs and reasonable attorney's fees pursuant to the FCRA;

e.      Correction of the mortgage debt with Ditech Financial, LLC on Plaintiff's Equifax credit report;

f.      For such other and further relief as may be just and proper.

### **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands a trial by jury in this action.

Respectfully submitted,

/s/ Chelsea S. Springer
Chelsea S. Springer #20522
The Law Offices of Tracy L. Robinson, LC
818 Grand Boulevard, Suite 505
Kansas City, MO  64106
Phone: (816) 842-1317
Fax:     (816) 842-0315
chelseas@tlrlaw.com
Attorney for Plaintiff